US DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED

NOV 15 2023

Ronald E. Dowling
By_____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 6:23CR 60039-SOH |
| | ) | |
| v. | ) | |
| | ) | |
| DEREK SCOTT FINKBEINER | ) | 18 U.S.C. § 2 |
| aka Scott Finkbeiner | ) | 18 U.S.C. § 4 |
| | ) | 18 U.S.C. § 1512(c)(2) |

## INDICTMENT

The Grand Jury Charges:

At all times relevant to this Indictment:

1. Beginning January 2023, the Defendant, **DEREK SCOTT FINKBEINER, aka Scott Finkbeiner (hereinafter FINKBEINER),** was the elected Sheriff of Hot Spring County, Arkansas, which is in the Western District of Arkansas.

2. SUBJECT 1 resided in Perla, Arkansas, which is located in Hot Spring County, Arkansas.

3. Between on or about April 13, 2023, and on or about May 24, 2023, the Group 6 Narcotics Enforcement Unit used a Confidential Informant to conduct seven (7) controlled purchases of methamphetamine from SUBJECT 1 at SUBJECT 1's residence.

4. On or about May 21, 2023, the Confidential Informant utilized by the Group 6 Narcotics Enforcement Unit was at SUBJECT 1's residence when **FINKBEINER** arrived at the residence and began to interact with the Confidential Informant. This interaction was recorded by the Confidential Informant.

5. During the course of this interaction, **FINKBEINER** provided the Confidential Informant with a controlled substance, believed to be methamphetamine, and consumed a controlled substance, believed to be methamphetamine, with the Confidential Informant.

6. During the course of this interaction, **FINKBEINER** offered the Confidential Informant money for sex and the Confidential Informant performed a sex act on **FINKBEINER**.

7. In or about May 2023, the Federal Bureau of Investigation (hereinafter FBI) opened a criminal investigation into **FINKBEINER** and SUBJECT 1, which was followed by the initiation in or around July 2023 of a federal grand jury investigation by the United States Grand Jury for the Western District of Arkansas.

8. On or about August 3, 2023, FBI Special Agents utilized the Confidential Informant to make a controlled purchase of methamphetamine from SUBJECT 1 at SUBJECT 1's residence. This controlled purchase was recorded. **FINKBEINER** was present in the residence when the controlled purchase was conducted, but not present in the room within the residence where the controlled purchase occurred.

9. On or about August 18, 2023, a FBI covert surveillance system was installed on public property in the area of SUBJECT 1's residence. At some point thereafter, SUBJECT 1 and **FINKBEINER** discovered the covert surveillance system.

10. On or about August 19, 2023, **FINKBEINER,** in his capacity as a law enforcement officer, contacted an area utility provider and learned that the covert surveillance system had been installed by the FBI and subsequently disclosed this fact to SUBJECT 1.

11. On or about August 19, 2023**, FINKBEINER** attempted to contact Special Agents with the FBI multiple times to inquire about the reason for the FBI installing the covert surveillance

system and the general nature of the investigation which the FBI was conducting in the area of SUBJECT 1's residence.

12. On or about August 21, 2023, in response to **FINKBEINER**'s multiple requests and inquires, Special Agents with the FBI spoke by phone with **FINKBEINER.** This phone conversation was recorded.

13. During the phone conversation, **FINKBEINER,** in an effort to corruptly obstruct, influence, and impede the ongoing criminal investigation, falsely represented that SUBJECT 1 was a confidential informant that had provided the material information leading to the recent arrest of an individual found to be in possession of a half-pound of methamphetamine. Specifically, **FINKBEINER** stated, among other things, in reference to SUBJECT 1 providing information leading to the arrest of another individual, "And so [SUBJECT 1] give us this information we started in on [the individual found to be in possession of one-half pound of methamphetamine]" and "[a]nd all of that started from [SUBJECT 1]."

14. During the phone conversation **FINKBEINER,** in an effort to corruptly obstruct, influence, and impede the ongoing criminal investigation, omitted and concealed material facts to include the following:

    a.    When asked if he knew about any drugs or gangs or anything that could be occurring on the street where SUBJECT 1's residence was located, **FINKBEINER** stated, "You know but [SUBJECT 1 has] not ever been a – as far as I've known, never been a drug seller you know he's just used drugs and that kind of junk . . ." and "The uh… I can see- the only people- um now [Subject 1] could you know he probably still does some drugs, he's not- I can assure you he moving no bunch of drug weight uh if he is I'll I'll pass out you know if he had any significant drug role. He probably still uses some drugs."

3

b. Later **FINKBEINER** stated about [Subject 1], "women for whatever flock to him, now there's all kinds of people that's got dope you say well that's- he just coming by there just giving some dope or whatever uh I don't think first off he's not in the business of selling I don't believe um I mean he might a small amount- I don't- he's not on our radar there's nobody's come to us and said- we've got other CIs that are that are acting like they don't sell but they are selling and we know it, you know? … He's not one of those, there's nobody on the radar at all that's come to us and said that he is moving any dope you know a significant amount um - … So I don't think they're necessarily coming there for drugs, I- they're coming there for sex."

c. Later **FINKBEINER** stated, "he [referring to a local elected official] made the damn comment the damn- I was buying drugs and selling 'em from [SUBJECT 1] which is you know, you can look at my damn bank account and see that ain't right."

15. These statements were materially misleading in that **FINKBEINER** knowingly and intentionally omitted and concealed the fact that SUBJECT 1 was providing **FINKBEINER** with controlled substances and that **FINKBEINER** used controlled substances at SUBJECT 1's residence.

16. On or about November 2, 2023, **FINKBEINER** was interviewed by Special Agents with the Federal Bureau of Investigation. During the recorded interview, **FINKBEINER** made, among other things, the following admissions:

a. That, at various times throughout the relevant time period, SUBJECT 1 provided **FINKBEINER** with controlled substances, to include methamphetamine and crack cocaine;

b. That **FINKBEINER** consumed both methamphetamine and crack cocaine at SUBJECT 1's residence;

4

c. That **FINKBEINER** believed that the FBI was unlikely to investigate or continue to investigate SUBJECT 1 if they believed SUBJECT 1 to be a "low- level" drug dealer, while maintaining that SUBJECT 1 was a low-level drug dealer.

## COUNT ONE

17. The Grand Jury incorporates paragraphs 1 through 16 as set out above, and further alleges as follows:

18. Beginning on or about August 18, 2023, and continuing through at least August 23, 2023, in the Western District of Arkansas, Hot Springs Division, the Defendant, **DEREK SCOTT FINKBEINER, aka Scott Finkbeiner,** did corruptly obstruct, influence, and impede and attempt to corruptly obstruct, influence and impede an official proceeding, that is, a proceeding before the United States Grand Jury for the Western District of Arkansas.

All in violation of Title 18, United States Code, Sections 1512(c)(2) and 2.

## COUNT TWO

19. The Grand Jury incorporates paragraphs 1 through 16 as set out above, and further alleges as follows:

20. Beginning on an unknown date, but at least as early as on or about May 21, 2023, and continuing to on or about August 23, 2023, in the Western District of Arkansas, Hot Springs Division, the Defendant, **DEREK SCOTT FINKBEINER, aka Scott Finkbeiner,** having knowledge of the actual commission of a felony cognizable by a court of the United States, to wit, Distribution of a Controlled Substance by SUBJECT 1 in violation of Title 21, United States Code, Section 841(a)(1), did not make said felony known as soon as possible to some judge or other person in civil or military authority under the United States and did attempt to conceal said felony

by alerting Subject 1 to the existence of an FBI investigation and by omitting and concealing material facts from the FBI.

All in violation of Title 18, United States Code, Section 4.

### **COUNT THREE**

21. The Grand Jury incorporates paragraphs 1 through 16 as set out above, and further alleges as follows:

22. Beginning on an unknown date, but at least as early as on or about May 21, 2023, and continuing to on or about August 23, 2023, in the Western District of Arkansas, Hot Springs Division, the Defendant, **DEREK SCOTT FINKBEINER, aka Scott Finkbeiner,** having knowledge of the actual commission of a felony cognizable by a court of the United States, to wit, Maintaining a Drug-Involved Premises by SUBJECT 1, in violation of Title 21, United States Code, Sections 856(a)(1) and (b), did not make said felony known as soon as possible to some judge or other person in civil or military authority under the United States and did attempt to conceal said felony by alerting SUBJECT 1 to the existence of an FBI investigation and by omitting and concealing material facts from the FBI.

All in violation of Title 18, United States Code, Section 4.

A True Bill.

DAVID CLAY FOWLKES
UNITED STATES ATTORNEY

*/s/Grand Jury Foreperson*
Grand Jury Foreperson

By: [signature]

Bryan A. Achorn
Assistant United States Attorney
Arkansas Bar No. 2001034
414 Parker Avenue
Fort Smith, Arkansas 72901
Telephone: (479) 494-4080
E-mail: Bryan.Achorn@usdoj.gov

Kimberly D. Harris
Assistant United States Attorney
Arkansas Bar Number 2000152
414 Parker Avenue
Fort Smith, Arkansas 72901
Phone: (479) 783-5125
Email: Kimberly.Harris@usdoj.gov

Trent Daniels
Assistant United States Attorney
Ark. Bar No. 2005128
414 Parker Avenue
Fort Smith, Arkansas 72901
Telephone: (479) 783-5125
E-mail: Trent.Daniels@usdoj.gov