UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 6:23CR-60039-001 |
| | ) | |
| DEREK SCOTT FINKBEINER | ) | |

## SUPPLEMENTAL BRIEF IN SUPPORT OF UNITED STATES' APPEAL OF MAGISTRATE JUDGE'S RELEASE ORDER

The United States of America, by and through its counsel, United States Attorney David Clay Fowlkes and Bryan Achorn, Assistant United States Attorney, for its Supplemental Brief in Support of United States' Appeal of Magistrate Judge's Release Order releasing the Defendant pending trial, submits the following:

## PROCEDURAL BACKGROUND

On October 30, 2023, a Criminal Complaint and Affidavit in Support of Criminal Complaint were submitted to the Honorable Barry A. Bryant, United States Magistrate, Western District of Arkansas. (Doc. 11)[1]. The Criminal Complaint alleged a violation of Title 18, United States Code, Section 1512(c)(2), commonly referred to as Obstruction of Justice. A Federal Arrest Warrant was issued for the arrest of the Defendant on October 30, 2023. The Defendant was arrested on or about November 2, 2023, and his initial appearance was set before the Honorable Mark E. Ford, Chief United States Magistrate Judge, Western District of Arkansas, for the following day on Friday, November 3, 2023.

On November 3, 2023, the parties appeared before Chief Magistrate Judge Ford, at which time the Federal Public Defender's Office was appointed to represent the Defendant. (Doc. 7, Text

---

[1] This matter was originally filed under case number 6:23MJ-06006. It has now been merged into the instant case upon issuance of the Indictment.

1

Order Only). After hearing arguments of counsel, Chief Magistrate Judge Ford denied the government's request for a detention hearing and released the Defendant on conditions. (Doc. 5, Minute Entry Only). The conditions imposed by the Court are standard. (Doc. 13, Order Setting Conditions of Release).

The government filed its Notice of Appeal of Chief Magistrate Judge Ford's decision and Brief in Support on November 8, 2023. (Docs. 14 & 15).

A Grand Jury convened in the Western District of Arkansas returned a True Bill against the Defendant on or about November 15, 2023. (Doc. 16). The Indictment in this matter charges the Defendant with the following violations of federal law:

   a. Count One – Obstruction of Justice, in violation of Title 18, United States Code, Section 1512(c)(2);

   b. Count Two – Misprision of Title 21, United States Code, Section 841(a)(1) (Distribution of a Controlled Substance), in violation of Title 18, United States Code, Section 4; and

   c. Count Three – Misprision of Title 21, United States Code, Sections 856(a)(1) and (b) (Maintaining a Drug-Involved Premises), in violation of Title 18, United States Code, Section 4.

## ANALYSIS & ARGUMENT

The government hereby incorporates its statements and arguments outlined within its initial brief filed on November 7, 2023. (Doc. 15). Further, the government asserts that sufficient evidence exists to establish the following additional facts:

   a) Shortly after the Defendant's release on November 3, 2023, the Defendant made statements of his intention to directly interview a subject currently detained in the

Hot Spring County Detention Center. The Defendant further stated that when the subject provided information in relation to his, the Defendant's, pending criminal charges, that he, the Defendant, intended to immediately release him, the subject, from detention under his authority as the elected sheriff;

b) Shortly after the Defendant's release, the Defendant, by and through his attorneys, was informed of the government's known witnesses to-date. Multiple identified witnesses are currently employed at the Hot Spring County Sheriff's Department. The Defendant has made multiple statements to various individuals regarding his, the Defendant's, intention to either layoff or terminate these identified witnesses;

c) After the Defendant's release, the Defendant directed two (2) elected constables, or constitutional law enforcement officers, to "investigate" this matter on his behalf, presumably to include taking witness statements from the identified witnesses. Based on information and belief, this action was not coordinated through his attorneys of record, the Federal Public Defender's Office.

The government has asserted and continues to assert that it has made a sufficient showing pursuant to Title 18, United States Code, Section 3142(f)(2)(B), in that that there exists "a serious risk that [the Defendant] will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." 18 U.S.C. § 3142(f)(2)(B).

These new facts only serve to further support the government's contention. Clearly, threatening to change or terminate a witness's employment is, at a minimum, designed to intimidate and influence a witness's continued cooperation in an ongoing federal prosecution. It is also a clear violation of the Conditions of Release imposed by the Court.

Interviewing a witness under the authority as the elected sheriff with the intention of releasing them from custody is also designed, at a minimum, to improperly influence the investigation and on-going prosecution. Finally, directing two (2) law enforcement officials to investigate this matter on your behalf, without coordinating through your lawyer, is nothing more than trying to improperly communicate with and intimidate a witness through a third party. This action is also a clear violation of the Conditions of Release imposed by the Court.

Based on the above, the government asserts that it has made more than a sufficient showing that there is a "a serious risk that [the Defendant] will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." 18 U.S.C. § 3142(f)(2)(B*)*.

*Further, the statute is clear, the purpose of a detention hearing is to "determine whether any condition or combination of conditions . . . will reasonably assure . . . the safety of any other person and the community . . . ." 18 U.S.C. § 3142(f). At a minimum, a detention hearing should be held in order to consider the unique position of this Defendant and for the Court to obtain sufficient evidence so as to make an informed decision concerning any additional conditions that may need to be imposed.*

Simply put, the government asserts that past behavior is very indicative of future behavior. The Defendant's actions prior to his arrest, as outlined in the government's initial brief and incorporated herein, and post his release, as outlined herein above, clearly demonstrate a strong likelihood of obstruction, threatening behavior, and intimidation, or attempts thereof, upon the Defendant's release or release without additional conditions unique to his position. In fact, significant effort of obstruction and intimidation has already been displayed by the Defendant less

than two (2) weeks after his release. Thus, the government's request for a detention hearing was and is proper and should be held at the earliest convenience of this Court.

## CONCLUSION

For the foregoing reasons, the United States submits that pursuant to 18 U.S.C. § 3142(f)(2)(B), it is entitled to a detention hearing regarding the release or detention of the Defendant in this matter and prays that this Court will grant its request for a detention hearing, that the Defendant be detained, and all other just and proper relief.

Respectfully submitted,

DAVID CLAY FOWLKES
United States Attorney

By: */s/ Bryan A. Achorn*
Bryan A. Achorn
Assistant United States Attorney
Arkansas Bar No. 2001034
414 Parker Avenue
Fort Smith, Arkansas 72901
Phone: 479-494-4080
E-mail: bryan.achorn@usdoj.gov

## CERTIFICATE OF SERVICE

I, Bryan A. Achorn, an Assistant United States Attorney for the Western District of Arkansas, hereby certify that on this 24th day of November, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Alex Wynn
Federal Public Defender's Office
Attorneys for the Defendant

*/s/ Bryan A. Achorn*
Bryan A. Achorn
Assistant U.S. Attorney